UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WOODHULL, LLC | : | Case No. 3:23-cv-00057-TMR-CHG |
| | : | |
| Plaintiff, | : | (District Judge Thomas M. Rose) |
| | : | (Magistrate Judge Caroline H. Gentry) |
| v. | : | |
| | : | |
| ROBERT L. MANILLA | : | |
| | : | |
| Defendant. | : | **AGREED INJUNCTION** |
| | : | |

Plaintiff Woodhull, LLC's ("Woodhull") initiated this case by filing a Verified Complaint on February 21, 2023, alleging breach of an employment contract containing covenants not to compete, not to solicit Woodhull's customers, not to solicit Woodhull's employees, and not to misuse Woodhull's confidential information against Defendant Robert L. Manilla ("Manilla"). Woodhull also filed a Motion for Temporary Restraining Order and Preliminary Injunction on February 21, 2023, seeking an immediate injunction on Manilla's alleged improper conduct. The parties are now before the Court seeking the entry of this Agreed Injunction (the "Order") to be in effect for the duration of the above-captioned case.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Manilla is restrained and enjoined from violating the terms of or otherwise breaching the Non-Compete/Non-Agreement ("Agreement") that is attached as Exhibit A to Woodhull's Verified Complaint.

2. Manilla is restrained and enjoined from directly or indirectly competing against Woodhull in any of the counties identified in the Agreement. Manilla is restrained and enjoined

1

from maintaining employment or engaging in a business relationship, directly or indirectly, with any other business entity or employer that is a competing business of Woodhull in violation of the Agreement. Manilla may maintain his employment with Cannon IV so long as he does not compete in any manner with Woodhull in the counties identified in the Agreement.

3. Manilla is restrained and enjoined from providing any form of assistance, directly or indirectly, to a competing business of Woodhull in violation of the Agreement.

4. Manilla is restrained and enjoined from soliciting Woodhull's customers, clients, and/or employees, directly or indirectly, and from taking any action to divert business from Woodhull in violation of the Agreement.

   a. If a Woodhull customer contacts Manilla for any business purpose, Manilla shall state that, due to an agreement with Woodhull, he may not discuss business issues with them during the term of this Order and shall terminate the conversation. Manilla may not refer the Woodhull customer to any other employee of his current employer.

   b. Immediately after each such contact from a Woodhull customer—and in any event no later than 4:30 p.m. the day after the contact—Manilla shall notify an attorney for Woodhull, by himself or through his counsel, in writing and disclose the identity of both the Woodhull customer and the customer's representative that contacted him.

5. Manilla is restrained and enjoined from disclosing, using, or otherwise misappropriating Woodhull's trade secrets as well as its confidential and proprietary information.

6. Within 14 days of the entry of this Order, Manilla shall conduct a complete search of his personal network, computer system, online accounts, other devices, and physical spaces and

certify to Woodhull's counsel that any confidential, proprietary, and/or trade secret information belonging to Woodhull that is in his possession, custody, or control has been returned (including as provided in Section 7, below) or destroyed. In so doing, Mr. Manilla shall list and identify all such items in writing and shall provide this detailed list to counsel for Woodhull.

7. Within 14 days of the entry of this Order, Manilla shall return any and all physical copies of the information that is listed in Section 6, above, including, but not limited to, paper copies, thumb drives, and other digital and non-digital storage mediums.

8. Within 14 days of the entry of this Order, Manilla shall also identify to Woodhull's counsel every e-mail account, phone number (including provider), or other communications account that he has access to and/or utilizes.

9. As part of this Order, the parties recognize and agree that Manilla's current employer, Cannon IV, LLC, a Flex Technology Group ("Flex Technology") company, and all of Flex Technology's affiliate entities—including, but not limited to FTG of Greater Ohio, LLC—are aware of this Order. Within 5 business days of this Order, Manilla shall obtain a written acknowledgement from Flex Technology indicating such awareness and submit it to Woodhull's counsel.

10. Following the entry of this Order, the parties shall be permitted to immediately engage in ordinary discovery, including third-party subpoena practice, and the lack of a conference under Fed. R. Civ. P. 26(f) shall in no way hamper or restrict that ability.

SO ORDERED this 13th day of March, 2023.

*s/Thomas M. Rose*

Judge Thomas M. Rose

Approved by:

/s/ *Glen R. McMurry*
Glen R. McMurry (0082600)
Christopher M. Wolcott (0099696)
TAFT STETTINIUS & HOLLISTER LLP
40 North Main Street, Suite 1700
Dayton, Ohio 45423
Phone: (937) 228-2838
Fax:    (937) 228-2816
gmcmurry@taftlaw.com
cwolcott@taftlaw.com

*Counsel for Plaintiff*
*Woodhull, LLC*

*/s/ Louis M. Griffin (per e-mail consent)*
Louise M. Griffin (0095724)
Christopher D. Lee (Admitted PHV)
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-2838
Fax: (513) 977-8141
louise.griffin@dinsmore.com
christopher.lee@dinsmore.com

*Counsel for Defendant*
*Robert L. Manilla*

4